IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ALBERT FLOREZ,<br>    Petitioner,<br>  vs.<br>THOMAS L. CAREY, Warden,<br>    Respondent. | No. C 06-4141 JSW (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>(Docket Nos. 3, 4) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at California State Prison-Solano in Vacaville, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner has also filed a motion for an extension of time to file his application to proceed *in forma pauperis* (docket no. 3) and the application itself (docket no. 4) which are now GRANTED (docket nos. 3, 4). This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted after trial in Alameda County Superior Court of violating Penal Code Sections 246, 186.22 and 12021 involving the discharge of a firearm and was sentenced to 15 years-to-life incarceration. Petitioner appealed his conviction to the California Court of Appeal which denied the appeal in 2005. The Supreme Court of California denied his petition for review in 2005. Petitioner

filed the instant federal habeas petition on June 5, 2006 in the United States District Court for the Eastern District of California, which transferred the petition to this Court where it was filed on July 3, 2006.

**DISCUSSION**

I    <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id.* § 2243.

II    <u>Legal Claims</u>

The petition raises the following ground for relief: (1) the trial court violated Petitioner's rights to due process and a fair trial by admitting "personal notebook entries" in support of the gang allegations; (2) the prosecutor committed prosecutorial misconduct involving the use of the notebook evidence; (3) the trial court's use of CALJIC No. 2.21.2 violated Petitioner's due process rights; (4) the trial court's response to jury requests violated Petitioner's rights to due process and a fair trial; and (5) cumulative error.

Petitioner's final claim regarding the trial court's error in calculating conduct credit fails to state a federal claim for relief.  A writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts."  *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)).  It is unavailable for violations of state law or for alleged error in the interpretation or application of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Engle*, 456 U.S. at 119; *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir.

1994); *see, e.g., Little v. Crawford*, 449 F.3d 1075, 1082 (9th Cir. 2006) (claim that state supreme court misapplied state law or departed from its earlier decisions does not provide a ground for habeas relief). Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief on his other five claims. Accordingly, Respondent is ordered to respond to the petition as set forth below.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion.

3

1 | Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
2 | to Federal Rule of Civil Procedure 41(b)
3 |     IT IS SO ORDERED.
4 | DATED: January 9, 2007

*/s/ Jeffrey S. White*

JEFFREY S. WHITE
United States District Judge

4